LYKINS, Appellant,

v.

FUN SPOT TRAMPOLINES et al., Appellees.

[Cite as *Lykins v. Fun Spot Trampolines,* 172 Ohio App.3d 226, 2007-Ohio-1800.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2006–05–018.

Decided April 16, 2007.

228

Vorys, Sater, Seymour & Pease, L.L.P., Barbara Bison Jacobson, and Whitney C. Gibson; Rothchild Law Office and Barry Rothchild, for appellant.

Montgomery, Rennie & Jonson and James J. Montgomery, for appellee AD-TEC Sales, Inc.

John H. Engle, for appellees Michael and Mary Thompson.

Martin & Bailey and Stephen A. Bailey, for appellee Biggie, Inc.

WALSH, Presiding Judge.

{¶ 1} Plaintiff-appellant, Connie Lykins, appeals the decision of the Clinton County Court of Common Pleas granting summary judgment to defendants-appellees, Biggie, Inc., ADTEC Sales, Inc., and Michael and Mary Thompson, following a trampoline accident in which she was severely injured.

{¶ 2} On June 30, 2000, appellant attended an Independence Day party at the home of her cousins, Michael and Mary Thompson ("the Thompsons"). The Thompsons had been hosting this annual celebration since the early to mid 1990s, and appellant attended each year. Several other guests were invited to the annual parties, and on this occasion, nearly 100 guests attended.

{¶ 3} In 1995, the Thompsons had purchased a large circular trampoline from Biggie, Inc., and they placed it in their backyard.[1] They allowed their guests to use the trampoline during their annual Independence Day parties. Adults would typically use the trampoline only in the evening, while children would use the trampoline throughout the afternoon. The first time appellant had ever used a trampoline was during one of these parties. Thereafter, from 1995 to 2000, appellant used the trampoline at each Independence Day party, and on each occasion, she would do so with other adults.[2]

{¶ 4} On the date of the accident, appellant arrived at the Thompsons' home at approximately 3:00 p.m. She consumed at least one alcoholic beverage, a vodka

---

1. ADTEC Sales, Inc. ("ADTEC") distributed the subject trampoline to Biggie, and, in turn, Biggie sold the trampoline to the Thompsons. ASR Manufacturing Company, not a party to this case, manufactured the subject trampoline. It is undisputed that ASR was dissolved on October 13, 2000, and is not subject to judicial process.

2. Appellant had seen television commercials depicting more than one individual on a trampoline at one time and had seen children on the trampoline with their parents on the day of the accident. The Thompsons allowed more than one person to be on the trampoline at one time.

cocktail, during the party. Although the Thompsons advised their guests to bring their own alcoholic beverages if they wished to drink at the party, Mr. Thompson later provided his guests, including appellant, with a "test tube" containing a sample of the alcoholic beverage "sex on the beach." Appellant consumed at least one test-tube sample of this beverage at approximately 10:00 p.m.

{¶ 5} At approximately 11:00 p.m., appellant decided to use the trampoline, as she had at previous parties. Appellant climbed upon the trampoline with four other guests. The group then walked around the trampoline until one person began to jump in the middle. Appellant and the three other participants then moved to the perimeter of the trampoline, though still on the mat's surface, and waited for a turn to jump in the middle. As she stood on the perimeter, appellant bounced approximately six inches in the air as a result of the person jumping in the middle. At some point during these activities, appellant's brother, Rodney Moran, proceeded to the middle of the trampoline for a turn to jump. As he proceeded to jump, however, appellant lost her balance and fell on her back. She sustained a broken neck and crushed spinal cord as a result, rendering her quadriplegic.

{¶ 6} On February 22, 2002, appellant filed the instant personal-injury action, alleging strict-products-liability claims against Biggie and ADTEC and negligence claims against the Thompsons.[3] On April 25, 2006, by way of separate entries, the trial court granted summary judgment in favor of all appellees. With respect to Biggie and ADTEC, the court determined that the dangers presented by the subject trampoline were open and obvious and a matter of common knowledge. Therefore, the court determined that no duty was owed to appellant. Similarly, with respect to the Thompsons, the court determined that the dangers associated with trampoline use were open and obvious such that appellant was owed no duty. The court further found that appellant assumed the inherent risks associated with trampoline use and that the record did not support a finding of recklessness on the part of the Thompsons to impose liability upon them.

{¶ 7} Appellant now appeals the trial court's decision, raising three assignments of error. In addition, the Thompsons raise a single cross-assignment of error pursuant to R.C. 2505.22.

{¶ 8} Appellant's Assignment of Error No. 1:

---

**3.** Appellant asserted numerous theories of products liability against Biggie and ADTEC, including failure to warn. Appellant's failure-to-warn claim is the only claim at issue on appeal. Similarly, appellant's negligence claim against the Thompsons at issue on appeal is premised upon the Thompsons' alleged breach of a duty to warn.

•

{¶ 9} "The trial court erred in granting [appellees'] motions for summary judgment because a genuine issue of material fact remains as to whether the dangers associated with trampoline use were open and obvious to [appellant]."

{¶ 10} In her first assignment of error, appellant argues that the trial court erred in granting summary judgment to all appellees based upon the premise that the dangers associated with trampoline use are open and obvious. Appellant contends that issues of fact exist as to whether the particular dangers created by more than one person bouncing on the trampoline at one time and the presence of more than 225 pounds on the trampoline at one time are open and obvious. We find merit in appellant's argument.

{¶ 11} On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. Summary judgment is proper when there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. See Civ.R. 56(C); see, also, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The movant bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once this burden is met, the nonmovant has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.

{¶ 12} In this case, appellant alleges strict products liability against Biggie and ADTEC and negligence against the Thompsons for failing to warn her of specific dangers associated with the trampoline. The trial court granted summary judgment to all appellees based upon the open-and-obvious nature of the dangers posed by trampoline use. We begin our analysis by addressing the open-and-obvious doctrine as it applies to appellant's products-liability claim against Biggie and ADTEC.

1. Products Liability

{¶ 13} Appellant's products-liability claim is premised upon a warning deficiency with respect to the subject trampoline. As an initial matter, appellant seeks to recover against Biggie and ADTEC pursuant to R.C. 2307.73 because the manufacturer of the trampoline has since dissolved and is not subject to judicial process.[4] Neither ADTEC nor Biggie disputes appellant's claim in this

---

4. {¶ a} Pursuant to R.C. 2307.78(B), "[a] supplier of a product is subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code, as if it were the manufacturer of that product, if the manufacturer of that

regard. Accordingly, we apply R.C. 2307.73 in determining whether summary judgment is warranted as to appellant's failure-to-warn claim.

{¶ 14} "To recover compensatory damages for a strict products liability claim based on a warning defect, [the plaintiff] must establish that [the defendants' product] was 'defective due to inadequate warning or instruction' and that this defect was the proximate cause of [the plaintiff's] injuries." *McConnell v. Cosco, Inc.* (S.D.Ohio 2003), 238 F.Supp.2d 970, 976, citing R.C. 2307.73(A). Under R.C. 2307.76(A)(1), "a product is defective due to inadequate warning or instruction * * * at the time of marketing if, when it left the control of its manufacturer, both of the following applied: (a) [t]he manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which the claimant seeks to recover compensatory damages; (b) [t]he manufacturer failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of that harm. * * * "

{¶ 15} Nevertheless, "[a] product is not defective due to lack of warning or instruction or inadequate warning or instruction as a result of the failure of its manufacturer to warn or instruct about an open and obvious risk or a risk that is a matter of common knowledge." R.C. 2307.76(B). In other words, a defendant's statutory duty to warn is obviated when the dangerous condition causing injury to the plaintiff is open and obvious or commonly known. See id.

{¶ 16} In considering whether a product presents an open-and-obvious risk, it is necessary to determine whether the particular hazard giving rise to the subject injury was obvious or commonly known. See, e.g., *McConnell* at 978; see, also, *Cervelli v. Thompson/Center Arms* (S.D.Ohio 2002), 183 F.Supp.2d 1032, 1042. For example, in *McConnell*, the United States District Court for the Southern District of Ohio, applying Ohio products-liability law, denied a highchair manufacturer's summary-judgment motion when issues of fact remained as to whether the risk of strangulation was an obvious risk or a matter of common knowledge associated with the use of a highchair. See *McConnell*. In doing so, the court explained that while it may be commonly known that a child may fall out of a highchair and sustain injury if not properly attended and strapped into

---

product is or would be subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code and any of the following applies:

{¶ b} (1) The manufacturer of that product is not subject to judicial process in this state;
{¶ c} (2) The claimant will be unable to enforce a judgment against the manufacturer of that product due to actual or asserted insolvency of the manufacturer * * *."

the chair, there was no evidence indicating as such with respect to the risk of a child being strangled by the tray of the highchair when attempting to slide out of the highchair. See id.; see, also, *Cervelli* (holding that the danger of a shooter being injured when firing a rifle, due to a mechanical wearing down of the threads that could cause the nipple to eject and become a dangerous projectile, was not open and obvious).

{¶ 17} Here, Biggie and ADTEC argue that the dangers associated with the trampoline were open and obvious because appellant had used the trampoline on prior occasions, had used the trampoline while other people were on it, and testified that she had never read any of the warnings on the trampoline or asked the Thompsons about the dangers of its use. As well-summarized by the trial court, the facts demonstrate that appellant was in fact aware of various dynamics of the trampoline at the time she decided to use it on the evening in question. Specifically, appellant was aware of the instability of the surface, especially when more than one person was on the trampoline at one time. Further, appellant was aware of the rebound effect created when one person jumped in the middle of the trampoline while she stood on the perimeter. Appellant acknowledged that she could lose her balance and fall while participating in the activity of jumping on the trampoline.

{¶ 18} In addition to the foregoing, however, appellant also testified she did not know that multiple people bouncing on the trampoline at a given time created the particular risk of a "double bounce," which could project her out of control even though she was only standing on the perimeter of the trampoline "lightly" bouncing. Further, appellant testified that she did not know that the presence of more than 225 pounds on a trampoline at a given time created the particular risk of the trampoline surface transforming from a flexible, forgiving surface into a hard, inflexible surface. Rather, appellant thought that if she fell on the trampoline, she would be falling on a flexible, forgiving surface.

{¶ 19} Appellant testified that she was never warned about these conditions and never saw a warning on the apparatus itself. Significantly, appellant presented expert evidence indicating that these particular hazards are not commonly known to most people who use trampolines. In fact, other participants who used the trampoline on the evening in question testified that they were unaware that these conditions existed. Appellant's experts opined that only through instruction or adequate warning would these conditions become known, and in this particular case, opined that neither was given to appellant.

{¶ 20} The trial court, noting the absence of Ohio Supreme Court precedent discussing trampoline injuries,[5] cited the Illinois Supreme Court case *Sollami v.*

---

5. We note there also appear to be few Ohio appellate cases addressing liability for trampoline injuries, and none are instructive as to the issues presented here. See, e.g., *Albritton v. Kiddie,*

*Eaton* (2002), 201 Ill.2d 1, 265 Ill.Dec. 177, 772 N.E.2d 215, in finding the dangers of trampoline use to be open and obvious.[6] We find *Sollami* to be distinguishable, however, because it does not address the instant hazards involving the unexpected transformation of the trampoline surface or loss of control due to a double bounce when the claimant is only standing and/or lightly bouncing on the perimeter of the trampoline. Moreover, unlike the claimant in *Sollami*, appellant was not "rocket jumping," the dangers of which the Illinois Supreme Court found that a reasonable user would appreciate. Rather, here, appellant testified that she was only standing on the perimeter, being lightly bounced approximately six inches in the air in response to the middle jumper, at the time she fell.

{¶ 21} Based upon the specific facts and evidence presented in this case, and construing the evidence in a light most favorable to appellant, we find that there are issues of fact concerning whether the particular hazards identified above were commonly known, notwithstanding the general knowledge that appellant admittedly had regarding the use of a trampoline and the usual risks it posed through its normal properties.

## 2. Negligence

■ {¶ 22} Appellant's negligence claim against the Thompsons is based upon premises liability. Specifically, appellant alleges that she was a social guest of the Thompsons, to whom the Thompsons owed a duty to exercise ordinary care not to cause her injury by any of their own acts or by any activities carried on by them and to warn her of any condition on the premises of which they knew and which one of ordinary prudence and foresight in their position should have reasonably considered dangerous, if they had reason to believe appellant did not

---

*Inc.* (1990), 69 Ohio App.3d 708, 591 N.E.2d 781 (in which the Eighth District Court of Appeals found that issues of material fact existed as to whether claimant had knowledge of dangers involved in using trampoline, which was necessary to establish affirmative defense of assumption of risk); *Gray v. Loux* (Aug. 27, 1986), Hamilton App. No. C–850719, 1986 WL 9215 (in which the First District Court of Appeals found that premises owner was immune from liability pursuant to R.C. 1533.181 when he allowed organization to use his premises without receiving consideration, but finding that issues of fact existed as to whether organization was subject to liability, if found to be a social host, for failing to warn users of the trampoline and/or to adequately supervise them).

**6.** In *Sollami,* the Illinois Supreme Court held that summary judgment was warranted in favor of a trampoline manufacturer based upon the open-and-obvious dangers posed by the trampoline use in question. 201 Ill.2d at 14, 265 Ill.Dec. 177, 772 N.E.2d 215. The claimant, a 15–year–old girl, was injured when she and four other children jumped on a trampoline at the same time. The children were "rocket jumping," which requires three or four jumpers to jump simultaneously on the perimeter of the trampoline while one person jumps to the center and is thereby propelled higher than the other jumpers. The court determined that a reasonable person of the claimant's age and experience would appreciate the dangers of this activity.

know and would not discover such a dangerous condition. See *Karlovich v. Nicholson* (Sept. 30, 1999), Lake App. No. 98–L–097, 1999 WL 960583, ¶ 4. Appellant argues that the trial court erred in finding that the dangers associated with trampoline use were open and obvious such that the Thompsons had no duty to warn appellant.

{¶ 23} The open-and-obvious doctrine concerns the first element of a negligence claim, namely, whether a duty exists. See *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14. "Where a danger is open and obvious, a landowner owes no duty * * * to individuals lawfully on the premises." Id. "The rationale behind the * * * doctrine is that the open-and-obvious nature of the hazard itself serves as a warning." *Olivier v. Leaf Vine*, Miami App. No. 2004 CA 35, 2005-Ohio-1910, 2005 WL 937928, ¶ 21, citing *Henry v. Dollar Gen. Store*, Greene App. No. 2002–CA–47, 2003-Ohio-206, 2003 WL 139773, ¶ 7.

{¶ 24} Open-and-obvious hazards are those hazards that are not concealed and are discoverable by ordinary inspection. *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 50–51, 566 N.E.2d 698. A dangerous condition does not actually have to be observed by the claimant to be an open-and-obvious condition under the law. *Colvin v. Kroger Co.*, Madison App. No. CA2005–07–026, 2006-Ohio-1151, 2006 WL 589381, ¶ 11; *Lydic v. Lowe's Cos., Inc.*, Franklin App. No. 01AP–1432, 2002-Ohio-5001, 2002 WL 31111820, ¶ 10. Rather, the determinative issue is whether the condition is observable. Id. This determination "depends upon the particular circumstances surrounding the hazard." *Olivier* at ¶ 31.

{¶ 25} The Thompsons argue that they owed no duty to appellant because appellant acknowledged that she was aware of the dynamics of the trampoline. As stated, appellant testified that she had used the trampoline on prior occasions and that she knew that the surface was unstable to walk upon, knew that she could fall, and knew that more than one person on the trampoline put her off balance.

{¶ 26} Appellant also testified, however, that she did not know that excess weight on the trampoline made the surface stretch so that it was transformed into a hard, inflexible surface. She also testified that she did not know that standing on the perimeter of the trampoline while a person jumped in the middle of the trampoline created a double bounce that could propel her out of control. Moreover, appellant presented expert evidence that these conditions are not commonly known and that most trampoline users do not realize the dangerousness of these conditions unless instructed or warned. Appellant testified that she

was not instructed or warned by the Thompsons and did not see the warnings affixed to the trampoline.

{¶ 27} As stated, in light of these facts, we find that issues of material fact exist regarding whether the particular hazards allegedly giving rise to appellant's injuries were open and obvious. While we recognize that jumping on a trampoline involves the obvious risks of losing balance, falling down, falling off the apparatus altogether, and colliding with other individuals if more than one is present on the trampoline, we cannot find as a matter of law that the particular hazards at issue here were open and obvious. Appellant's first assignment of error is sustained.

{¶ 28} Assignment of Error No. 2:

{¶ 29} "The trial court erred in holding that [appellant's] injuries were caused by risks inherent in jumping on a trampoline and that [appellant] assumed the risk."

{¶ 30} Assignment of Error No. 3:

{¶ 31} "That [sic] the trial court erred in holding that there was no Civ.R. 56(C) evidence of recklessness or intentional conduct on the part of the Thompsons."

{¶ 32} In her second assignment of error, appellant argues that the trial court erred in granting summary judgment to the Thompsons based upon a primary-assumption-of-risk defense, when genuine issues of material fact exist as to whether the particular risks at issue are inherent in trampoline use. We find merit in appellant's argument. Accordingly, our resolution of appellant's second assignment of error resolves her third, as her third assignment of error involves the trial court's determination regarding recklessness where it found assumption of risk to apply.

{¶ 33} Primary assumption of risk is a defense that, if successful, "means that the duty element of negligence is not established as a matter of law, [preventing] the plaintiff from even making a prima facie case." *Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 431–432, 659 N.E.2d 1232. This doctrine "is invoked when a participant of a recreational activity attempts to sue a non-participant sponsor or landowner for injuries resulting from the recreational activity." *Karlovich*, Lake App. No. 98–L–097, 1999 WL 960583, at ¶ 7.

{¶ 34} "Primary assumption of the risk relieves a recreation provider from any duty to eliminate the risks that are inherent in the activity * * * because such risks cannot be eliminated." *Whisman v. Gator Invest. Properties, Inc.*, 149 Ohio App.3d 225, 236, 2002-Ohio-1850, 776 N.E.2d 1126. Accordingly,

"only those risks directly associated with the activity in question are within the scope of primary assumption of risk * * *." *Gallagher*, 74 Ohio St.3d at 432, 659 N.E.2d 1232. "The types of risks associated with the activity are those that are foreseeable and customary risks of the * * * recreational activity." *Pope v. Willey*, Clermont App. No. CA2004–10–077, 2005-Ohio-4744, 2005 WL 2179317, ¶ 11.

{¶ 35} Here, the trial court found that trampoline use is a recreational activity and that appellant assumed the "ordinary risks" of the activity. While we agree that trampoline use is a recreational activity, we cannot find that the instant risks were foreseeable as a matter of law. The dangers allegedly giving rise to appellant's injury include the hard, inflexible surface of the trampoline mat caused by the presence of more than 225 pounds and the double bounce created by more than one person using the trampoline at one time.

{¶ 36} Appellant's testimony, as well as the expert evidence she submitted, indicates that the risks associated with the double bounce and with more than 225 pounds on the trampoline at a given time are not inherent in normal trampoline use. Appellant testified that she was unaware of either of these dangers, and appellant's experts opined that most people are unaware of these dangers when they engage in trampoline use. While falling down, colliding with others, or potentially falling off the apparatus altogether may be foreseeable risks in trampoline use, we cannot find as a matter of law that the same is true for the conditions at issue here, given the facts of this case. Accordingly, we find that issues of fact remain in this case as to whether appellant assumed the risk of injury in using the trampoline, such that her negligence claim against the Thompsons is barred. Appellant's second and third assignments of error are sustained.

{¶ 37} Appellees' Cross–Assignment of Error No. 1:

{¶ 38} "The trial court correctly granted summary judgment because there was no genuine issue of fact that the Thompsons did not breach a duty owed to [appellant] as social hosts."

{¶ 39} The Thompsons raise a cross-assignment of error pursuant to R.C. 2505.22,[7] requesting that this court affirm the trial court's alleged finding that the Thompsons did not breach a duty to appellant because they were unaware of any hidden dangers associated with the trampoline. Our reading of the trial court's decision, however, indicates that the trial court determined only that the instant

---

7. This section provides: "In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part* * *."

dangers were open and obvious, thereby obviating any duty to warn. Thus, the court did not reach the issue of whether the Thompsons breached a duty to appellant,[8] and the question is not properly before us at this time. While we recognize that a statement made by the trial court in its decision, which the Thompsons cite in support of their cross-assignment of error, is unclear, we cannot find that the statement constitutes a conclusive finding as to the issue of breach of duty, given the trial court's holding that the dangers at issue were open and obvious. Accordingly, the Thompsons' sole cross-assignment of error is overruled.

{¶ 40} Based upon the foregoing, we reverse the trial court's decision and remand the matter to the trial court for consideration of the remaining issues and for further proceedings according to law and consistent with this opinion.

Judgment reversed
and cause remanded.

YOUNG and BRESSLER, JJ., concur.

---

8. Specifically, the trial court did not address the matters argued in appellees' cross-assignment of error pertaining to the adequacy of the warnings provided with the subject trampoline.