**ABER, Appellant,**

v.

**ZURZ, Appellee.**

[Cite as *Aber v. Zurz,* 175 Ohio App.3d 385, 2008-Ohio-778.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23876.

Decided Feb. 27, 2008.

Mark A. Ropchock and Aaron M. Walker, for appellant.

Adam E. Carr, for appellee.

---

MOORE, Judge.

{¶ 1} Appellant, Thomas Aber, appeals from the decision of the Summit County Court of Common Pleas. This court reverses and remands for proceedings consistent with this opinion.

## I

{¶ 2} On August 6, 2005, Aber was riding on a tube connected to a rope that was pulled by a boat. Aber was riding the tube with another individual, Dan Charek. Appellee, Richard Zurz, was operating the boat in Portage Lakes in southern Summit County. The boat was traveling in the designated water ski zone. The water ski zone was crowded that day, and Zurz was forced to make a sharp turn to avoid hitting the other boats or people. While making this turn, Zurz was traveling at a fast rate of speed. Due to the speed of the boat while making the turn, the tube was forced across several wakes made by other boats

in the area. It flipped, throwing both Aber and Charek into the water. While Charek sustained no injuries, Aber hit the water face first and broke his jaw.

{¶ 3} On June 7, 2006, Aber filed a complaint against Zurz, seeking damages for the injuries he suffered as a result of the tubing accident. Aber asserted that Zurz negligently and recklessly operated the boat. On February 6, 2007, Zurz filed a motion for summary judgment, arguing that the doctrine of primary assumption of the risk worked to bar a negligence claim. He further argued that the evidence did not show that he had acted recklessly. Aber responded, arguing that the doctrine of primary assumption of the risk did not apply because the risk was not one that was inherent to the activity of tubing. The trial court granted summary judgment in favor of Zurz, finding that the doctrine of primary assumption applied to bar Aber's negligence claim. The trial court further determined that Zurz was not reckless. Aber timely appealed, asserting one assignment of error for our review.

## II

## ASSIGNMENT OF ERROR

The trial court erred in granting Zurz' motion for summary judgment.

{¶ 4} In his sole assignment of error, Aber contends that the trial court erred in granting Zurz's motion for summary judgment.

{¶ 5} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Specifically, the moving

party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293, 662 N.E.2d 264. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 8} In this case, Zurz moved for summary judgment, arguing that Aber's negligence claim was barred by the doctrine of primary assumption of the risk and that there was no evidence that he was reckless while operating the boat. Aber responded, arguing that the doctrine of implied assumption of the risk should apply and not the doctrine of primary assumption of the risk. Aber further argued that if the primary assumption of the risk doctrine applied, whether Zurz acted recklessly was a question of fact for the jury to decide.

> An affirmative defense in a negligence case typically is the equivalent of asserting that even assuming that the plaintiff has made a prima facie case of negligence, the plaintiff cannot recover. A primary assumption of risk defense is different because a defendant who asserts this defense asserts that no duty whatsoever is owed to the plaintiff.

*Gallagher v. Cleveland Browns Football Co.* (1996), 74 Ohio St.3d 427, 431, 659 N.E.2d 1232.

{¶ 9} Therefore, if successful, the doctrine of primary assumption of the risk would prevent Aber from making a prima facie case of negligence. Id. at 431–432, 659 N.E.2d 1232. However, recovery is still possible if Aber can show that Zurz's actions were either reckless or intentional. *Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, 802 N.E.2d 1116, at ¶ 6.

{¶ 10} " 'Primary assumption of the risk relieves a recreation provider from any duty to eliminate the risks that are inherent in the activity * * * because such risks cannot be eliminated.' " *Lykins v. Fun Spot Trampolines*, 172 Ohio App.3d 226, 2007-Ohio-1800, 874 N.E.2d 811, at ¶ 34, quoting *Whisman v. Gator Invest. Properties, Inc.* (2002), 149 Ohio App.3d 225, 236, 776 N.E.2d 1126. The Ohio Supreme Court has explained that case precedent "demonstrates that only those risks *directly associated* with the activity in question are within the scope of primary assumption of risk, so that no jury question would arise when an injury resulting from such a direct risk is at issue, meaning that no duty was owed by the defendant to protect the plaintiff from that specific risk. In many situations, * * * there will be attendant circumstances that raise questions of fact whether an injured party assumed the risk in a particular situation. In that case, the doctrine of implied assumption of risk, not primary assumption of

risk, would be applicable." (Emphasis added.) *Gallagher*, 74 Ohio St.3d at 432, 659 N.E.2d 1232 (discussing *Cincinnati Baseball Club Co. v. Eno* (1925), 112 Ohio St. 175, 147 N.E. 86).

■ {¶ 11} " 'The types of risks associated with the activity are those that are foreseeable and customary risks of the * * * recreational activity.' " *Lykins*, supra, at ¶ 34, quoting *Pope v. Willey*, 12th Dist. No. CA2004–10–077, 2005-Ohio-4744, 2005 WL 2179317, at ¶ 11.

{¶ 12} Here, the trial court determined that " 'tubing' is a recreational activity" and that the evidence showed that Aber's injury resulted from "conduct that itself was a foreseeable, customary part of 'tubing.' " Based on this finding, the trial court determined that the primary-assumption-of-the-risk doctrine applied. While we agree that tubing is a recreational activity, we do not find that the risks involved herein were customary and foreseeable as a matter of law. The circumstances giving rise to Aber's injury included a speeding boat, a crowded ski lane, and an unexpected sharp turn.

{¶ 13} We first note that Aber conceded at trial that falling off the tube is a foreseeable and customary risk of tubing at a reasonable speed. However, reviewing the facts in the light most favorable to Aber, the nonmoving party, the testimony shows that Zurz was not traveling at a speed typical for tubing. According to Aber's deposition, Aber had been tubing several times before, specifically with Zurz, approximately 10 to 15 times. Aber explained that "[Zurz] went a lot faster than he's ever been." He explained that he feared for his safety when Zurz made a sharp turn while going "really too fast." Aber also indicated that falling off the tube is part of tubing, and that he had fallen off approximately five or six times prior to this incident without any injuries. Zurz stated:

> I believe I was going too fast for the conditions that day. Again, in hindsight I would have done two things differently. First, I would have waited until the speed lane cleared, when I came around the island there were way too many boats down on the south end, too many boats and tubers in the small speed lane; and, second of all, if I had to do it over again I would have throttled back as I went into the turn.

Further, several boat passengers, who had also been tubing with Zurz in the past, stated that they had never seen Zurz go as fast as he did on August 6, 2005.

{¶ 14} We conclude that falling off a tube and sustaining facial injuries is a foreseeable risk of tubing at a typical, reasonable, speed. However, the specific facts of this case show that this risk was elevated by the speed of the boat and other conditions solely under Zurz's control. We conclude that Aber could not have foreseen this elevated risk. While falling off the tube may be a foreseeable risk, we cannot say the same for the injury in the instant case, which occurred

after falling off the tube at a *high rate of speed.* As the Twelfth District noted, the primary-assumption-of-the-risk doctrine exists to relieve a recreation provider of a duty to eliminate a risk because the risk cannot be eliminated from the activity. *Lykins,* supra, at ¶ 34. But the risk in this case was directly correlated to the high rate of speed of the boat. Therefore, this risk could have been eliminated by traveling at a typical speed.

{¶ 15} Accordingly, we conclude that the risk of falling off a tube and breaking one's jaw in several places while being pulled at a high rate of speed in a crowded ski lane is not an inherent risk of tubing. Therefore, the doctrine of primary assumption of the risk is inapplicable. Further, we find that a reasonable jury could conclude that Zurz negligently operated the boat. "Because we find that [Aber's] claims are neither barred by primary assumption of the risk nor otherwise subject to summary judgment, [his sole] assignment of error is well taken." *Konesky v. Wood Cty. Agricultural Soc.,* 164 Ohio App.3d 839, 2005-Ohio-7009, 844 N.E.2d 408, at ¶ 24.

{¶ 16} Finally, we note that Aber argues that the trial court erred in holding that there was no issue of fact as to whether Zurz's conduct was reckless. As we have discussed "the applicable standard is that of ordinary negligence, not recklessness," we decline to address this portion of Aber's argument. Id. at ¶ 25.

{¶ 17} Accordingly, Aber's assignment of error is sustained.

### III

{¶ 18} Aber's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CARR, P.J., and DICKINSON, J., concur.