[Cite as *Mullins v. Grey Hawk Golf Club*, 2018-Ohio-2799.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| DENNIS MULLINS | C.A. No. 17CA011212 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREY HAWK GOLF CLUB, ET AL. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 16CV190727 |

DECISION AND JOURNAL ENTRY

Dated: July 16, 2018

HENSAL, Judge.

{¶1} Dennis Mullins appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Grey Hawk Golf, LLC, doing business as Grey Hawk Golf Club, and Durham Ridge Investments, LLC (collectively "Grey Hawk") on his negligence claim. For the following reasons, this Court reverses.

I.

{¶2} Mr. Mullins plays golf once or twice a week with a group of men known as the Vultures. On the morning of August 12, 2015, the Vultures' usual course was unavailable, so they chose to play Grey Hawk instead. Mr. Mullins's foursome teed off sometime after 8:00 a.m., starting on the back nine. After completing the tenth hole, the group proceeded to the eleventh, a par three with a green on an island that is only accessible via a wooden bridge. The bridge had a nylon carpet-like runner down the center of it to prevent frost. At the end of the bridge, there was a small wooden ramp descending down to the surface of the green. The ramp

had a "nonskid rubberized mat" in the middle of it for "slip resistance" and to reduce the wear and tear of the ramp.

**{¶3}** The bridge and ramp were wet, either because of morning dew or the golf course's sprinkler system. Mr. Mullins, therefore, kept to the center of the bridge as he crossed it. As he was walking down the ramp, however, he slipped on the mat and fell, injuring his knee. He subsequently sued Grey Hawk for negligence. Grey Hawk moved for summary judgment, arguing that Mr. Mullins's claim was barred under the doctrine of assumption of the risk. It also argued that the danger was open and obvious. The trial court granted its motion, reasoning that slipping on wet surfaces is ordinary to the game of golf and that the condition of the bridge was open and obvious. Mr. Mullins has appealed, assigning as error that the trial court incorrectly granted summary judgment to Grey Hawk.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED GREY HAWK GOLF CLUB'S MOTION FOR SUMMARY JUDGMENT.

**{¶4}** Mr. Mullins argues that the trial court incorrectly awarded summary judgment to Grey Hawk. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the

movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} Mr. Mullins argues that the trial court incorrectly determined that the slippery ramp mat was an open and obvious danger. The Ohio Supreme Court has held that, "[if] a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus. "[T]he open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id*. at ¶ 5. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶6} Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection. *Kirksey v. Summit Cty. Parking Garage*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 11. "The determinative issue is whether the condition [was] observable." *Id*. "[T]he dangerous condition * * * does not actually have to be observed by the plaintiff in order for it to be an 'open and obvious' condition under the law." *Id*. The question is whether the plaintiff "could have seen [it] if * * * [he] had looked. *Id*.

{¶7} To determine whether a danger was open and obvious, this Court considers the hazard itself and any attendant circumstances that existed at the time of the incident. *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 14 ("[C]onsideration of attendant circumstances is merely a generalized version of the reasonableness test subsumed by

the open and obvious doctrine."). "While there is no precise definition of attendant circumstances, they * * * include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" *Jenks v. City of Barberton*, 9th Dist. Summit No. 22300, 2005-Ohio-995, ¶ 16, quoting *McLain v. Equitable Life Assurance Co.*, 1st Dist. Hamilton No. C-950048, 1996 Ohio App. LEXIS 926, *14 (Mar. 13, 1996). The question is whether, considering the totality of the circumstances, a genuine issue of material fact exists regarding whether a reasonable person in Mr. Mullins's situation would have discovered that the mat was slippery. *Marock* at ¶ 14; *Jenks* at ¶ 15.

{¶8} Mr. Mullins argues that, although the mat was observable, the fact that it had become slippery was not. He notes that in *Baker v. Bob Evans Farms, Inc.*, 9th Dist. Wayne No. 13CA0023, 2014-Ohio-2850, this Court could not say that, as a matter of law, "a carpet runner that fails due to an excess accumulation of water on or around it is so obvious a danger that a person would be expected to discover it." *Id.* at ¶ 26. In *Baker*, this Court explained that, although "wet floors are inherently slippery, one might not expect a carpet runner placed on top of a wet floor to be." *Id.* Mr. Mullins argues that the same rationale applies here.

{¶9} The trial court reasoned that the danger was open and obvious because the bridge had coverings that would "tip a golfer off to the potential slipping  hazard." It noted that the foursome ahead of Mr. Mullins's group warned his group about the condition of the bridge. It also noted that some of the men in Mr. Mullins's group who crossed the bridge in front of him also nearly fell. The court also reasoned that an avid golfer like Mr. Mullins would be aware that golf course surfaces can be dangerous during early morning hours when they are still wet.

{¶10} Mr. Mullins testified at his deposition that he crossed the bridge in the middle because that was where it was covered in "special stuff to help people from slipping." When he got to the ramp, he continued walking down the middle, even though the covering had changed from "good quality stuff" to "cheap" "[t]ar paper[.]" Mr. Mullins testified that he probably looked down before he took the first step onto the ramp, but then up to where his ball had landed. He estimated that he took several steps on the ramp before slipping.

{¶11} One of Mr. Mullins's group members testified that, although their group was warned about the bridge being slippery, Mr. Mullins would not have heard the warning because he is hard of hearing. Another group member testified he almost fell while crossing the bridge because "the actual wood part of the bridge was slippery" and he "stepped on the wood[.]"

{¶12} Unlike his other group members, Mr. Mullins testified that he crossed the bridge using the "special you ain't going to slip on it stuff[.]" He also descended the ramp using the "nonskid rubberized mat[.]" There is nothing in the record that suggests that it was observable that the mat's nonskid quality had been compromised. There is also nothing in the record that Mr. Mullins had been specifically warned by others that the mat on the ramp was slippery as opposed to the bridge in general. Viewing the evidence in a light most favorable to Mr. Mullins, we conclude that there is a genuine issue of material fact as to whether the slipperiness of the mat was an open and obvious danger.

{¶13} Mr. Mullins also argues that the trial court incorrectly determined that he assumed the risk that he might fall by playing golf that morning. The trial court focused on the doctrine of primary assumption of the risk, which is a judicially-created doctrine that "certain risks are so inherent in some activities that they cannot be eliminated." *Thomas v. Strba*, 9th Dist. Medina No. 12CA0080-M, 2013-Ohio-3869, ¶ 9, quoting *Otterbacher v. Brandywine Ski Ctr., Inc.*, 9th

Dist. Summit No. 14269, 1990 Ohio App. LEXIS 4582, *11 (May 23, 1990). As explained by the Ohio Supreme Court, "[if] individuals engage in recreational or sports activities, they assume the ordinary risks of the activity and cannot recover for any injury unless it can be shown that the other participant's actions were either 'reckless' or 'intentional' as defined in Sections 500 and 8A of the Restatement of Torts 2d." *Marchetti v. Kalish*, 53 Ohio St.3d 95 (1990), syllabus.

{¶14} It is not clear that the doctrine of primary assumption of the risk can apply to this situation because Mr. Mullins was injured in a fall and not by another "participant[.]" *Id.*; *see Gentry v. Craycraft*, 101 Ohio St.3d 141, 2004-Ohio-379, ¶ 9 (noting that the focus is on the conduct of the defendant). Regardless, we do not agree with the trial court that slipping and falling on a wet mat is an ordinary risk of the game of golf. *See Aber v. Zurz*, 175 Ohio App.3d 385, 2008-Ohio-778, ¶ 11 (9th Dist.) (noting that the risk must be a foreseeable and customary risk of the recreational activity). The trial court, therefore, incorrectly concluded that Mr. Mullins's claim was barred under the doctrine of primary assumption of the risk.

{¶15} The open-and-obvious and primary-assumption-of-the-risk doctrines were Grey Hawk's only arguments for why it was entitled to summary judgment. Because we cannot say that either of those doctrines apply as a matter of law, we conclude that the trial court incorrectly granted summary judgment to Grey Hawk. Mr. Mullins's assignment of error is sustained.

III.

{¶16} Mr. Mullins's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, P.J.
CONCUR

APPEARANCES:

JOHN BROOKS CAMERON and CHRISTOPHER JANKOWSKI, Attorneys at Law, for Appellant.

STEPHEN C. MERRIAM, Attorney at Law, for Appellees.