OPINION
{¶ 1} Plaintiffs-appellants, Rhonda and Mark Colvin, appeal the decision of the Madison County Court of Common Pleas granting summary judgment in favor of The Kroger Company, Inc. in a trip-and-fall negligence action.[1]
 {¶ 2} On August 8, 2002, appellant stopped at the London Kroger store to buy pepperoni. Appellant shopped at that store at least once a week and knew that the pepperoni was located in the back of the store with other lunch meats. Upon entering the store, appellant headed to the back of the store through the third aisle. At the end of the aisle, she noticed a display of Slim Jims, about four feet high, in the back cross aisle where the lunch meats were located. Believing the pepperoni was to the right of the Slim Jims display, appellant began to round the corner to the right of the display when she walked into an empty flat-loading Kroger cart (also called a u-boat). The cart was butted up against the display. Appellant hit the cart with both shins and fell to the floor.
 {¶ 3} According to appellant, the cart was three to four feet long, was on wheels, and had a handle that was at least waist-high. The flat bed of the cart, however, was only eight to ten inches off the floor. The record does not indicate whether the handle was butted up against the display or was to the right of the display. Appellant testified that as she was walking toward the lunch meats, she was not looking at the ground but instead was looking straight ahead, trying to gauge where she needed to go to find the pepperoni.
 {¶ 4} As a result of her fall and injuries, appellant filed a personal injury action against The Kroger Company, which, in turn, moved for summary judgment. On June 21, 2005, the trial court granted summary judgment in favor of The Kroger Company. Upon reviewing photographs of a cart similar to the one at issue and "its location on [appellant's] drawing [of the store layout]," the trial court found that "the cart was objectively, open-and-obvious to anyone in its location." The trial court found that "[t]he location of the cart was not obvious to [appellant] because she never looked. She did not say she was distracted by the Slim Jims display." Appellant appealed and raises two assignments of error which will be considered together.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE BY FINDING THAT THE OBSCURED, LOWL-YING OBJECT OVER WHICH APPELLANT RHONDA COLVIN TRIPPED PRESENTED AN `OPEN AND OBVIOUS' HAZARD AS A MATTER OF LAW, WHEN REASONABLE MINDS COULD DIFER AS TO WHETHER THE OBJECT WAS IN FACT `OPEN AND OBVIOUS.'"
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE BY FAILING TO CONSIDER EVIDENCE OF ATTENDANT CIRCUMSTANCES WHICH DISTRACTED APPELLANT RHONDA COLVIN, AND WHICH, IF APPLIED, WOULD HAVE PRECLUDED THE APPLICATION OF THE `OPEN AND OBVIOUS' HAZARD RULE."
 {¶ 9} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Daubenmire v. Sommers,156 Ohio App.3d 322, 2004-Ohio-914, ¶ 78.
 {¶ 10} No party disputes that appellant was a business invitee on the premises of the London Kroger store. An owner or occupier of a business owes its invitees a duty of ordinary care in maintaining the premises in a "reasonably safe condition" so that its customers are not exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204. Storeowners, however, are not insurers against all accidents and injuries to their business invitees. Id. at 203. An owner is under no duty to protect a business invitee from dangers that are known to such invitee or are so obvious and apparent that he may be reasonably expected to discover them and protect himself against them. Id. at 203-204.
 {¶ 11} Thus, "[w]here the danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, ¶ 14. The rationale behind this rule is that "the open and obvious nature of the hazard itself serves as a warning." Id. at ¶ 5. Open and obvious hazards are neither hidden from view or concealed and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49,50-51. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff * * * to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v. Lowe's Cos.,Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, ¶ 10.
 {¶ 12} Upon reviewing appellant's deposition, photographs of a cart similar to the one at issue, and appellant's drawing of the store layout which shows the path she took to go to the back of the store and the location of the cart, we find no genuine issues of material fact exist regarding the open and obvious nature of the cart.
 {¶ 13} On appeal, appellant claims that the cart was "essentially hidden * * * by virtue of being low to the ground and hidden behind a display stack[.]" Such claim is not supported by the record. Appellant's deposition and drawing clearly indicate that one of the short ends of the cart, which itself was three to four feet long, was butted up against and to the right of the Slim Jims display. The cart was neither hidden from view or behind the display nor concealed. While we agree appellant was not required "to inspect around every corner for ankle-high hazards" (which in turn, may "well have rendered herself vulnerable to some other hazards at a higher elevation"), the record clearly shows that the cart was discoverable and observable by ordinary inspection. Appellant simply failed to see it.
 {¶ 14} Thus, reasonable minds could only conclude that the cart which was butted up against the display was an open and obvious hazard which The Kroger Company may reasonably expect that appellant would discover and take appropriate action to protect herself. See Lydic (determinative issue is whether the condition is observable, even where plaintiff did not actually notice the condition until after she fell).
 {¶ 15} Attendant circumstances are an exception to the open and obvious doctrine. They involve distractions that would come to the pedestrian's attention under the same circumstances and reduce the degree of care an ordinary person would exercise at the time. McGuire v. Sears, Roebuck Co. (1996),118 Ohio App.3d 494, 498-499. The attendant circumstances must divert the attention of the pedestrian, significantly enhance the danger of the defect, and contribute to the fall. Id. at 499. An attendant circumstance is beyond the control of the injured party. Backusv. Giant Eagle, Inc. (1996), 115 Ohio App.3d 155, 158. Both circumstances contributing to and those reducing the risk of the defect must be considered. McGuire at 499.
 {¶ 16} Appellant argues that attendant circumstances prevented her from observing the cart. Specifically, appellant claims that the fact that the cart was low to the ground and hidden behind the display, and the fact that her attention, as she was walking, was focused on the lunch meats were attendant circumstances which prevented her from seeing the cart.
 {¶ 17} Upon reviewing the record before us, we find that appellant failed to submit any evidence to support her contention that attendant circumstances were present. While appellant may not have been able to see the cart as she was walking down the third aisle, the fact is that the cart was not hidden behind the display but was in fact next to the display. Appellant clearly testified she simply did not see it. Appellant did not testify that (1) she was distracted by the goods on the Slim Jims display, (2) she was distracted by customers, (3) she was talking to someone when she hit the cart, or (4) her view was obstructed by someone in front of her. The fact that her attention was focused on the lunch meats ahead of her is a common circumstance in a store and was clearly within appellant's control. SeeMcGuire, 118 Ohio App.3d 494; Willen v. Goudreau Mgt. Corp.,
Cuyahoga App. No. 84764, 2005-Ohio-2312; Burstion v.Chong-Hadaway, Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701.
 {¶ 18} Thus, reasonable minds could come to but one conclusion and that conclusion is adverse to appellant on the issue of whether the attendant circumstances she cited avoided the open and obvious doctrine. Accordingly, the trial court properly granted summary judgment in favor of The Kroger Company. Appellant's two assignments of error are overruled.
 {¶ 19} Judgment affirmed.
Walsh, P.J., and Bressler, J., concur.
[1] Mark Colvin's claim in appellants' trip-and-fall complaint is one for loss of consortium. Because the discussion will refer to Rhonda Colvin's actions, we will refer to appellants in the singular in this opinion.