[Cite as *Ramey v. Walmart, Inc.*, 2024-Ohio-1185.]


COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| CHERYL RAMEY | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| WALMART, INC. | : | Case No. 23CA000012 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 22PI04-0077


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               March 28, 2024


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

TERRY V. HUMMEL                         KELLY GRIGSBY JONES
115 West Main Street, Suite 100         REBECCA J. JOHNSON
Columbus, OH  43215                     445 Hutchinson Ave. Suite 600
                                        Columbus, OH  43235

*King, J.*

{¶ 1}   Plaintiff-Appellant Cheryl Ramey appeals the decision of the Knox County Court of Common Pleas which granted Defendant-Appellee Walmart Inc.'s motion for summary judgment. We affirm the trial court.

Facts and Procedural History

{¶ 2}   On May 20, 2018, at approximately 6:00 p.m., Appellant arrived at a Knox County Walmart to pick up a prescription. Appellant had visited this Walmart more than 50 times previously. On this occasion, it had been raining and the sky was overcast. Appellant exited her car and started walking towards a shopping cart located in a handicapped parking spot. As she did, her attention was focused on the cart, however, she also noted puddles in different areas of the parking lot. Before Appellant reached the cart, she stepped on the outside edge of a water-filled pothole, lost her balance and fell. She sustained injury to her right knee and right elbow. Transcript of deposition of Cheryl Ramey (T.), January 18, 2021 43-45, 59.

{¶ 3}   Appellant subsequently entered the store and filled out an incident report. After leaving the store, Appellant took photos of the area where she fell, but took no measurements. She then went to an urgent care where she was treated for injuries to her knee and elbow.

{¶ 4}   In May, 2020, Appellant filed a complaint in the Knox County Court of Common Pleas alleging Walmart, Inc. acted negligently, willfully, wantonly, and with reckless disregard for the safety of its invitees by failing to warn of the pothole, block access to the pothole, and properly maintain and repair the parking lot. Appellant alleged

Walmart Inc. was therefore liable for her injuries and damages. In April 2020, the matter was dismissed without prejudice.

{¶ 5}   Appellant refiled her complaint in April 2022. In July, 2023, Walmart, Inc. filed a motion for summary judgment arguing it owed no duty to Appellant because her claim was barred by the open and obvious doctrine. Appellant filed a motion in opposition alleging attendant circumstances present at the time of her fall created a genuine issue of material fact as to whether the danger was open and obvious.

{¶ 6}   On August 30, 2023, the trial court granted Walmart, Inc.'s motion for summary judgment.

{¶ 7}   Appellant timely filed an appeal and the matter is now before this court for consideration. She raises two assignments of error as follow:

I

{¶ 8}   "WHETHER THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE IT DETERMINED NO GENUINE DISPUTES OF MATERIAL FACT REMAIN AS TO WHETHER THE POTHOLE WAS OPEN AND OBVIOUS."

II

{¶ 9}   "WHETHER THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE IT DETERMINED NO GENUINE DISPUTED OF MATERIAL FACT REMAIN AS TO WHETHER ATTENDANT CIRCUMSTANCES EXISTED THAT CONTRIBUTED TO CHERYL RAMEY'S FALL. "

I, II

{¶ 10} For ease of discussion, we address Appellant's assignments of error together. In her assignments of error, Appellant argues the trial court erred in granting summary judgment because a genuine issue of material fact exists, specifically whether the pothole was open and obvious and even if it was, whether attendant circumstances contributed to her fall.

## Standard of Review

{¶ 11} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Regarding summary judgment, the Supreme Court of Ohio stated the following in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 12} As an appellate court reviewing summary judgment motions, we must stand place of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 13} As further explained by this court in *Leech v. Schumaker*, 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: "* * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the

nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

### Open and Obvious

{¶ 14} There is no dispute that Appellant was a business invitee. Therefore, Walmart, Inc. owed Appellant "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985) (Citation omitted). "Keeping the premises in a reasonably safe condition generally means that a premises owner (1) must not create a dangerous condition on its premises, and (2) must warn its invitees of latent or concealed dangers, if the premises owner has actual or constructive knowledge of those dangers." *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 12CA21, 2013-Ohio-2684, 993 N.E.2d 808, ¶ 18 (Citation omitted).

{¶ 15} In *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 788 N.E.2d 1088, 2003-Ohio-2573 ¶ 13, the Supreme Court of Ohio explained:

By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff.

{¶ 16} Further, "the landowner's duty is not to be determined by questioning 'whether the [condition] could have been made perfect or foolproof. The issue is whether the conditions that did exist were open and obvious to any person exercising reasonable care and watching where she was going.' " *Jackson v. Pike County Board of Commissioners*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, ¶ 18, quoting *Orens v. Ricardo's Restaurant*, 8th Dist. Cuyahoga No. 70403, 1996 WL 661024 (Nov. 14, 1996). "Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection." *Zambo v. Tom–Car Foods*, 9th Dist. Lorain No. 09CA009619, 2010-Ohio-474, 2010 WL 520804, ¶ 8.

{¶ 17} When determining whether a danger is open and obvious, the law uses an objective, not subjective, standard. *Freeman v. Value City Dept. Store*, 5th Dist. Stark No. 2010 CA 00034, 2010-Ohio-4634 at paragraph 17. The fact that a particular appellant is not aware of the hazard is not dispositive of the issue. *Id.* It is the objective, reasonable person that must find the danger is not obvious or apparent. *Id.* The determinative issue

is whether the condition is observable. *Aycock v. Sandy Valley Church of God*, 5th Dist. Tuscarawas No. 2006AP090054, 2008-Ohio-105, 2008 WL 115829.

### Attendant Circumstance

{¶ 18} Appellant argues that even if the pothole was open and obvious, attendant circumstances existed to negate the open and obvious doctrine. As explained the Twelfth District in *Vanderbilt v. Pier 27, LLC*, 12th Dist. Butler No. CA2013–02–029, ¶ 19:

Attendant circumstances are an exception to the open and obvious doctrine. *Colvin v. Kroger Co., Inc.*, 12th Dist. Madison No. CA2005–07–026, 2006–Ohio–1151, 2006 WL 589381, ¶ 15; *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 498, 693 N.E.2d 807 (1st Dist.1998). Attendant circumstances are "distractions that contribute to an injury by diverting the attention of the injured party and reduce the degree of care an ordinary person would exercise at the time." *Galinari v. Koop*, 12th Dist. Clermont No. CA2006-10-086, 2007-Ohio-4540, 2007 WL 2482673, ¶ 21; *Armentrout v. Meyer's Garden Ctr. & Landscaping, Inc.*, 12th Dist. Butler No. CA2004–12–315, 2005–Ohio–5901, 2005 WL 2936698, ¶ 11. In turn, for this exception to apply, "[a]n attendant circumstance must divert the attention of the injured party, significantly enhance the danger of the defect, and contribute to the injury." *Forste v. Oakview Constr., Inc.*, 12th Dist. Warren No. CA2009-05-054, 2009-Ohio-5516, 2009 WL 3350450, ¶ 22; *Isaacs v. Meijer, Inc.*, 12th Dist. Clermont No.

CA2005-10-098, 2006-Ohio-1439, 2006 WL 766692, ¶ 16. Attendant circumstances may include such things as the time of day, lack of familiarity with the route taken, and lighting conditions. *Hart v. Dockside Townhomes, Ltd.,* 12th Dist. Butler No. CA2000–11–222, 2001 WL 649763, *2 (June 11, 2001).

Analysis

{¶ 19} During her deposition, Appellant testified it had been raining when she arrived at Walmart, and she observed puddles in the parking lot. Specifically, she stated "I just got out of the car and started towards the door. And it had been raining. I saw puddles. Stepped on the edge of the puddle. I was going towards the cart to use the cart. And that's when it happened, and I fell." T. 43. Questioned regarding her intent when she saw the puddle, Appellant stated "I remember stepping on the edge and that's when I lost my balance and fell down." T. 44.

{¶ 20} Appellant was also questioned regarding the lighting in the parking lot as well as additional questioning regarding her intent when encountering the puddle:

Q. How was the lighting in the area where you fell? Was it adequately lit?

A. It was gloomy. The sun was not shining. It wasn't dark, dark. There was still some light.

q. Were overhead lights on at all?

A. I don't recall.

Q. Could you see your surroundings with the lights as it was?

A. Yes.

Q. Was there any reason that, because of the light, you felt you couldn't see to walk through the parking lot?

A. No.

Q. And so you indicated just before that you intended to step outside the puddle. Correct?

A. Yes.

Q. Did you trip on anything?

A. No.

Q. That caused this fall?

A. No.

{¶ 21} T. 44-45

{¶ 22} After making a report of the incident inside the store and receiving first aid, Appellant returned to the parking lot and took photos of the area where she fell. She did not take any measurements of the pothole.

{¶ 23} We first find the trial court correctly found the puddle was an open and obvious danger. Appellant argues Walmart, Inc. failed to address what she sees as the operative question, whether the pothole itself, and not the collection of water was open and obvious. However, Appellant testified she observed standing water in several areas

of the parking lot, that she actively attempted to avoid the puddle where she fell, but then lost her balance and fell. Viewing the matter objectively, the collection of water, in and of itself, serves as a warning that the surface of the asphalt under the water is at least marginally lower that the surface of the water.

{¶ 24} As noted by our brethren in the Sixth District Court of Appeals: "[a] reasonable person would appreciate that the area near standing water always presents a danger." *Madison v. Raceway Park, Inc.*, 6th Dist. Lucas No. 2009-Ohio-4068 ¶ 23, appeal not allowed, 123 Ohio St.3d 1524, 918 N.E.2d 526 (Table), 2009-Ohio-6487. While it might be arguable that the depth of the puddle is a latent danger, that is not the issue before us. Appellant argues *Madison* addressed potentially muddy conditions under standing water and is thus inapplicable here. However, we find this argument to be a distinction without difference. The pothole was not hidden from view and was discoverable upon ordinary inspection based on the collection of standing water. Likewise, whether the depth of the puddle was observable is an issue without impact on the situation before us.

{¶ 25} Failing an open and obvious finding, Appellant argues attendant circumstances existed to negate the open and obvious doctrine. She argues her focus was on the direction in which she was walking and on the shopping cart near the puddle which she intended to take into the store. She argues therefore, it is unreasonable to assume she should have been staring at the ground as she walked toward the cart. She additionally argues the puddles were obscured by shadows cast by light posts in the parking lot.

{¶ 26} We first note Appellant's deposition testimony contradicts her arguments here. As outlined above, Appellant's attention was on the puddles in the parking lot. She not only noticed them, she attempted to avoid the puddle where she lost her balance and fell. Moreover, she testified that when she arrived at Walmart, the sun was not shining. It was overcast and gloomy. In support of her contention here that shadows contributed to her fall, Appellant points to the photos taken of the area which depict a sun-lit parking lot. The photos, however, were taken after her fall. T. 67–68, deposition of Shari Devinney, 13.

{¶ 27} Moreover, even if shadows had been present in the parking lot, in *Gordan v. Dziak*, 8th Dist. No. 88882, 2008-Ohio-570 at ¶ 50 the Eighth District Court of Appeals flatly rejected the argument that shadows constitute attendant circumstances. In that sidewalk trip and fall case the court noted "an argument that an undisclosed presence of shadows near a residence could be dangerous, stretches the attendant circumstances rule beyond reasonable comprehension. *France*, supra at 8. This is because a person should not be held liable where he or she had no control over shadows caused by the sun. *Hess v. One Americana Ltd. Partnership* (Mar. 14, 2002), 10th Dist. No. 01AP-1200, 2002 Ohio App. LEXIS 1071 at 7, 2002 WL 392368."

{¶ 28} Based on the forgoing, Appellant's two assignments of error are overruled. The decision of the Knox County Court of Common Pleas is affirmed.

By King, J.,

Wise, P.J. and

Baldwin, J. concur.